## THE STATE *versus* GREENLEAF.

When intoxicating liquor is furnished by one party to another, it is the province of the jury to decide whether there was a sale.

In a prosecution for such sale, the declarations subsequently made by the defendant, as to his intentions, are not receivable.

In such a prosecution, the legal principle, that pay for such liquors, sold in violation of the statute, cannot be collected by law, furnishes no defence.

EXCEPTIONS from the District Court, RICE, J.

Complaint for illegally selling spirituous liquor, viz, one pint of gin. There was conflicting evidence whether it was paid for at the time of the delivery.

The defendant offered to prove, that a few days after the gin was furnished by him, he told the man who had it, that he had made no charge for it, and would take no pay. The evidence was excluded.

The Judge was requested to instruct the jury, that the offence is not proved, if no payment was made for the gin, and in the absence of proof, that any charge or claim was made for it. That instruction was not given. But the Judge did instruct, that it was for the jury to decide whether there was a sale, and so intended at the time.

He was also requested to instruct, that if nothing was paid for the gin, it could not be a sale within the statute, because the defendant was unlicensed, and therefore could not, by law, enforce any payment. This instruction was not given.

The defendant excepted.

*Bronson*, for defendant.

Several grounds of the exceptions have already been argued by other gentlemen, and are before the court. I may, therefore, safely omit to press them.

. There was error in the exclusion of testimony, going to show that defendant, some days after furnishing the gin, refused to take pay for it, and said he had no charge for it. The evidence would have shown there was no sale. May not a man send a sick neighbor some liquor for a medicine? If not, the law is an immorality. It not only presumes a man to be guilty, but it forbids him to prove his innocence.

*Vose*, for the State.

Shepley, C. J., orally. — The defendant's declaration, that he had not charged, and should take no pay, was after the alleged sale. It could not change the character of the act, in which other parties had acquired rights.

There may have been a sale, though never paid for. It was the province of the jury to decide that fact.

Defendant contends, as the sale was illegal, and he could not collect the pay, that therefore no offence was committed. Such a construction would repeal the statute. It is an absurdity; because, as no debt can ever be collected on unlawful sales, it would sanction all such unlawful transactions.

*Exceptions overruled.*